UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.  ) <br> ) <br> WALTER HILLIARD ) <br> ) | Criminal No.: 06-131(PLF) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Walter Hilliard, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

Mr. Hilliard is before the Court pending sentencing after he entered a guilty plea on October 12, 2006. Mr. Hilliard pled guilty to the one count indictment which charged him with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(iii). Mr. Hilliard committed the offense on April 6, 2006. Pursuant to the conviction Mr. Hilliard faces a mandatory minimum prison term of ten years and a maximum term of life imprisonment. Mr. Hilliard also faces a maximum fine of four million dollars and a term of supervised release of at least five years upon completion of his prison term.

Probation Officer Kellie Griffin Cave in her revised Pre-Sentence Investigation Report (the PSR) has identified a sentencing guideline range of 121 to 151months of incarceration. (PSR ¶ 61). The sentencing guideline range is based on a Base Offense Level 29 and Criminal History Category IV.

**Factual History**

Mr. Hilliard was arrested on April 6, 2006. The arrest took place after Mr. Hilliard accidently drove into a stationary car. The accident was observed by police officers who upon investigating the traffic accident observed an open bottle of beer inside of Mr. Hilliard's car. After he was placed under arrest for the open container of alcohol, Mr. Hilliard was searched. The search resulted in the recovery of crack cocaine in Mr. Hilliard's pants.

Mr. Hilliard was indicted in a grand jury original on May 18, 2006. By the time Mr. Hilliard was indicted and scheduled for his arraignment hearing, the Maryland Department of Corrections had taken him into their custody. The State of Maryland took custody of Mr. Hilliard pursuant to his status as a Parolee and Probationer from a 1996 case. (PSR ¶ 19). On account of his detention in Maryland, Mr. Hilliard's appearance before Magistrate Judge Robinson on July 17, 2006 was secured through a Writ of Habeas Corpus. At the conclusion of his criminal matter Mr. Hilliard will be transferred back to the Maryland Department of Corrections.

**REQUEST FOR A SENTENCE OF 121 MONTHS OF INCARCERATION AND A RECOMMENDATION FOR THE 500 HOUR DRUG TREATMENT PROGRAM**[1]

Mr. Hilliard is before the Court facing his second felony conviction. As the PSR indicates, he has two traffic convictions which resulted in monetary fines. The other conviction is for possession of crack cocaine. The 1996 conviction for armed carjacking was extremely serious and it showed a level of brazen and violent immaturity that fortunately had not been previously seen before nor after he was released on Parole in May 2003. For the armed carjacking Mr. Hilliard spent approximately 7 years of incarceration. He was fortunate that he received a sentence that included

---

[1] Within the Bureau of Prison the program is called the residential Drug Abuse Treatment Program or (RDAP).

a term of probation.  Regrettably, Mr. Hilliard did not take the lesson to heart regarding the consequences of engaging in criminal behavior

Once Mr. Hilliard is sentenced by this Court he will be transported to the Maryland Department of Corrections.  Mr. Hilliard will have to appear before Judge Richard H. Sothoron of the Circuit Court for Prince George's County, Maryland.  Pursuant to the sentence Judge Sothoron imposed on November 7, 1996,  Mr. Hilliard could be sentenced to the remaining ten years of the split sentence he received.  Mr. Hilliard will also have to appear before the Maryland Department of Corrections for a parole hearing.

When he was released on supervision in May 24, 2003, Mr. Hilliard made a concerted effort to walk a clean and  narrow path.  Unlike many young men who appeared before the Court with significant criminal records, Mr. Hilliard does have a history of gainful employment.  Probation Officer Kellie Cave confirmed that  Mr. Hilliard had very good paying jobs.  Hotel jobs like the one he had with the Renaissance Hotel are very difficult to obtain because they pay well above the minimum wage, provide good benefits, and usually turn into permanent jobs.  Mr. Hilliard also has construction experience and skills which are always in demand.

 During his period of supervision Mr. Hilliard also demonstrated personal maturity in his relationship with his wife.  Although early on the marriage had problems, Mr. Hilliard made a determined commitment to make the marriage a happy one. Presumably Mr. Hilliard has demonstrated a positive and loving character such that Ms. Monique Collier has committed to remain in the marriage while he serves his substantial sentence.

Knowing that Mr. Hilliard will be sentenced to at least ten years of incarceration has been very painful for his wife, daughter and mother and everyone who cares and is concerned for his well

being. Prior to the instant offense Mr. Hilliard had only been on parole/probation for about three years. Thus, nearly three years had elapsed since Mr. Hilliard saw the inside of a prison. During his recent incarceration Mr. Hilliard has been greatly pained by the loss of his freedom, his separation from his family and his inability to work and support his wife and daughter.

While his present situation is bleak, Mr. Hilliard has managed to remain hopeful about his future. Since he was first charged and arraigned in Federal Court, Mr. Hilliard, made the decision to acknowledge his guilt to the government and Court. As a result the government did not have to expend resources either in filing or preparing for pretrial motions and hearings. Likewise the Court was spared from exhausting its time and resources in a trial or merit less pre-trial litigation.

Mr. Hilliard's decision to expeditiously resolve his case shows that he can make reasoned and mature decisions. During the pendency of his case Mr. Hilliard has displayed a good understanding of the guidelines, the determination of his criminal history and the application of criminal statutes. In short, he has shown the educational skills and ability to learn a trade in the Bureau of Prison. Ultimately, it will be up to Mr. Hilliard to follow through on his desire to lead a law-abiding life and to find gainful employment when he is release from custody.

To be incarcerated, again, has been a very sobering experience for Mr. Hilliard. Incarceration is not the life that he wants and he knows that he can and has to do better for himself. It has been a painful acknowledgment that he is going to be removed from his wife, his daughter, and his mother. The impending geographic separation has been particularly upsetting. At a minimum the D.C. Jail allows for weekly visitations with his family and friends. That will not be the case once he is transferred to a Federal Bureau of Prison Facility.

Mr. Hilliard does possess the attitude to turn his life around. Mr. Hilliard has never blamed

his present situation on anyone.  He acknowledges that he is responsible for his present predicament. Mr. Hilliard feels that he has the opportunity to make the most of the educational and vocational programs that are available in the Bureau of Prison.  Mr. Hilliard is well aware that once he is released from prison he will be placed on a substantial period of Supervised Release and that the Court will keep its authority to re-incarcerate him for any violations, regardless of their severity.

A. **PURSUANT TO UNITED STATES v. BOOKER, 18 U.S.C. § 3553(a), AND 18 U.S.C. § 3661, THE COURT HAS AUTHORITY TO IMPOSE A SENTENCE OF 121 MONTHS OF INCARCERATION**

Pursuant to United States v. Booker, 125 S. Ct. 738 (2005) a Sentencing Court has to take into account the statutory sentencing directives of 18 U.S.C. §3553(a).  Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, [and] the need to avoid unwarranted sentencing disparities among similarly situated defendants U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005)

A sentence of 120 months of prison will certainly protect the community from Mr. Hilliard until he is close to his forties.  At that point he will be under Court supervision and Mr. Hilliard will certainly bare in mind that the Court can be promptly return him to prison.  Arguably, a sentence of 120 months will achieve the dual goal of instilling respect for the law while simultaneously protecting the community from Mr. Hilliard's criminal behavior.  Incarceration of 120 months will promote adequate deterrence from the misdemeanor traffic crimes and arrests that characterizes the majority of Mr. Hilliard's criminal conduct.  Equally important the 120 months of incarceration will deter Mr. Hilliard from engaging in the more destructive behavior of distributing a poisonous drug

into the community.

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Hilliard's history and nature and circumstance of the offense. The nature of the offense, 21 U.S.C. 841(a)(1), is a case of possession with intent to distribute cocaine base. There is no question that the sale and consumption of crack cocaine has wreaked devastation on low income communities. However, there is no evidence that before he was arrested on April 6, 2006 Mr. Hilliard had for a significant period of time made his livelihood by selling drugs. Certainly, Mr. Hilliard was not under police surveillance and he was not the target of an undercover operation. On the other hand Mr. Hilliard's history of employment in the Renaissance Hotel and in the construction industry demonstrates that he had lawfully earned money.

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Hilliard's sentence must reflect the seriousness of the offense. There is no question that Mr. Hilliard violated the law and that the Court has to sanction his conduct. As it stands now Mr. Hilliard is facing a mandatory term of ten years of incarceration. However, the seriousness of the offense has to take into account and result in a sentence that "promote[s] respect for the Law and provide[s] just punishment." Mr. Hilliard has shown throughout his juvenile and adult life that he does have the ability to be a productive and law abiding citizen.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Hilliard's sentence in light of the educational or vocational training that will support his rehabilitation and education. Clearly, Mr. Hilliard will benefit significantly from the opportunities that will be available in the Bureau of Prison. Foremost, Mr. Hilliard stands to gain by participating in the 500-hour substance abuse program. The instant offense and his introduction to alcohol and narcotics when he was a juvenile

6

evidence the need for in depth and sustained counseling and treatment. Additionally, the substance abuse program should provide him with greater insight into the terrible consequences that drug use and drug dealing have on individuals and on the larger community.

B.  **MR. HILLIARD REQUESTS THAT THE COURT RECOMMEND TO THE BUREAU OF PRISONS THAT HE BE DESIGNATED TO SERVE HIS FEDERAL SENTENCE AT HIS PRESENT PLACE OF STATE CONFINEMENT**

Mr. Hilliard requests that the Court recommend to the Bureau of Prisons that he be designated to "serve his federal sentence at his present place of state confinement."[2] As the PSR confirms there is an outstanding warrant for a violation of Parole and a warrant for violating probation has already been issued. (PSR ¶ 19). Both warrants concern Mr. Hilliard's 1996 conviction for armed carjacking. On account of the executed probation warrant, Mr. Hilliard is before the Court on a writ. However, after he is sentenced, he will be returned to the Maryland Department of Corrections. Shortly thereafter, Mr. Hilliard will appear before Judge Sothoron for a probation violation hearing and the Maryland Department of Corrections for a parole violation hearing.

Maryland law dictates that any prison term resulting from a revocation of parole commences, as a matter of law, on the date that parole is revoked. See Stouffer v. Pearson 887 A.2d 623, 636-637 (Md. 2005) Maryland law contemplates that any sentence Mr. Hilliard receives as a result of a parole violation will run concurrently with the federal sentence that the Court will impose in this case. The requested recommendation to the Bureau of Prisons is necessary to ensure that a quirk of federal law does not trump the described application of state law. Specifically, 18 U.S.C. § 3585(a)

---

[2] The Bureau of Prisons has authority, pursuant to 18 U.S.C. § 3621(b), to designate a state facility as the place where an inmate's federal sentence is to be served.

states that a federal sentence commences on the date that a defendant arrives in federal custody. Without the requested recommendation by the Court to the Bureau of Prisons, Section 3585(a), as applied to Mr. Hilliard, would produce the following sequential scenario: (1) this Court imposes its sentence on Mr. Hilliard; (2) Mr. Hilliard's parole is revoked and a sentence is imposed; (3) Mr. Hilliard serves the entirety of the revoked Maryland State sentence; (4) and Mr. Hilliard then arrives in federal custody whereupon, according to Section 3585(a), his federal sentence commences. It follows that the application of federal law would, absent the requested recommendation, automatically convert the federal sentence into a sentence that commences only after the expiration of a subsequently-imposed Maryland State sentence.

**CONCLUSION**

Mr. Hilliard is a young man who can still change his life around. He knows and wants to be a mature and supportive husband. He also wants to provide the love and attention to his daughter that he never received from his absentee father. Mr. Hilliard is prepared to take advantage of the vocational and education opportunities available in the Bureau of Prison. For these reasons, undersigned counsel requests that the Court sentence Mr. Hilliard to a term of incarceration of 121 months, with a recommendation for participation in the 500-hour substance abuse program, and that he be allowed to begin service of his federal sentence in the custody of the Maryland Department of Corrections.

    Respectfully submitted,

    A.J. Kramer
    Federal Public Defender

>                                    /s/
> _____
> Carlos J. Vanegas
> Assistant Federal Public Defender
> 625 Indiana Ave., N.W., Suite 550
> Washington, D.C.  20004
> (202) 208-7500